IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAY 1 1 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

CFM CORPORATION,

    Plaintiff/Counter-Defendant,

    v.

DIMPLEX NORTH AMERICA, LTD.,

    Defendant/Counter-Plaintiff,

Case No. 02 C 1981

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER
## ENHANCED DAMAGES AND ATTORNEYS' FEES

Defendant, Counter-Plaintiff, Dimplex North America Ltd. (hereinafter "Dimplex"), after a jury finding of willful infringement, has moved the court for enhanced damages and attorneys' fees. Plaintiff, Counter-Defendant CFM Corporation (hereinafter, "CFM") objects to any enhancement and award of attorneys' fees and in addition moves for judgment as a matter of law on the issue of willfulness.

### I. CFM's MOTION

CFM contends that, given the burden of proof for a finding of willfulness, *i.e.*, by clear and convincing evidence, the Jury's finding of willfulness cannot stand. However the Jury's verdict must be upheld unless the finding of willful infringement is unsupported by substantial evidence. *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1583 (Fed. Cir. 1996).

The evidence showed that CFM had attempted to design around the '580 patent but had been unsuccessful in creating a commercially viable product. After two unsuccessful attempts to purchase the right to use the '580 technology, CFM manufactured and sold its AE 2000 electric fireplaces. The alleged distinguishing feature of the AE 2000 from the Dimplex fireplaces was the substitution of a partially reflective Acrylite FF (plastic) screen for Dimplex's partially reflective architectural glass screen. There was evidence produced that tended to show that CFM had not adequately documented the development of its AE 2000 mechanism. A substantial number of alleged infringing fireplaces manufactured by CFM were displayed to the jury so that it could compare them with the Dimplex *Symphony* fireplace, an embodiment of the '580 patent. In attempting to prove that it took care to avoid infringement, CFM produced evidence that it had consulted its patent attorney regarding possible infringement. However, it did not waive the attorney/client privilege. Accordingly CFM cannot rely on any inference that it received an opinion of non-infringement. Further CFM was on notice that Dimplex considered the AE 2000 fireplaces as infringing its '580 patent. CFM continued to manufacture and market alleged infringing fireplaces for over a four-year period after receiving a cease and desist letter from Dimplex in January 2001.

Accordingly, the Court finds that there was, in fact, substantial evidence before the jury that would allow its finding of willful infringement to stand. The Motion for Judgment as a Matter of Law on the Issue of Willful Infringement is denied.

## II. **DIMPLEX'S MOTION FOR ENHANCED DAMAGES AND ATTORNEYS' FEES**

Under 35 U.S.C.A. § 284, the court has the discretion to consider enhancement of damages of up to three times the award of compensatory damages. Also, Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Dimplex has moved for both.

The Federal Circuit has set forth nine factors to aid a court in considering whether to enhance damages and to what extent they should be enhanced. *Read Corp. v. Portec, Inc.*, 970 F. 2d 816, 826-827 (Fed. Cir. 1992). These factors are:

1. Whether the infringer deliberately copied the ideas or design of another.

2. Whether the infringer, when he became aware of the patent, investigated the scope of the patent and formed a good-faith belief that it was invalid or not infringed.

3. The infringer's behavior as a party to the litigation.

4. The Defendant's size and financial condition.

5. The closeness of the case.

6. The duration of defendant's misconduct.

7. Any remedial action taken by defendant.

8. Defendant's motivation for harm.

9. Whether defendant attempted to conceal its misconduct.

Of these factors, Numbers 1, 6 and 7 tend to make CFM's conduct more culpable and Numbers 8 and 9 tend to mitigate its culpability. Numbers 2, 3, 4 and 5 in the court's opinion are non-factors in this case.

Based on the jury's verdict of wilfulness and the evidence in support of it, it is apparent that the jury concluded that CFM deliberately copied from the '580 patent. Its misconduct occurred over a four-year period after being put on notice of the infringement. During this time CFM, according to its own expert, sold approximately 336,000 units and incurred a profit of approximately $27.4 million. It failed to take any remedial action during this four-year period, even though it now claims that it could have done so with minimal consequence and cost. In its favor, there was no evidence that CFM was motivated by anything other than its own economic benefit and there was no evidence that CFM ever attempted to conceal its activities from Dimplex.

The non-factors are whether CFM acted in good faith. It refused to waive the attorney/client privilege so it is entitled to no inference either way on this issue. CFM's behavior during this litigation was exemplary (as was that of Dimplex). It was a hard but fairly fought case from beginning to end. CFM's financial condition is a non-factor because of its decision to object to discovery as to its current financial condition. The matters in

the record fall woefully short of permitting the court to conclude whether it can or cannot withstand an enhancement of damages. The final non-factor is the issue of closeness of the case. The case was not so one-sided that the court can say that it was unreasonable for CFM to defend itself. After all CFM was able to obtain an expert opinion that the '580 patent was void and unenforceable due to anticipation and obviousness. On the other hand, the jury found willfulness, no anticipation and no obviousness.

When the *Read* factors are weighed, there are, of course, pluses and minuses. However, the one factor that in the court's opinion tips the balance in favor of enhancement is the extent of profits that CFM reaped during the four-year period of infringement. Although Dimplex asks the court to consider the fact that its expert opined that it had sustained substantially greater damages than what was awarded by the jury, nevertheless the court was not particularly impressed by the opinion of Dimplex's expert that virtually all of CFM's sales would have gone to Dimplex had CFM not had its infringing fireplaces on sale. The court therefore believes that an enhancement of a factor of .5 is appropriate considering all of the circumstances of the case including the nine *Read* factors.

The *Read* case also asserts that attorney's fees should be allowed only in exceptional cases based on litigation misconduct

rather than based on willfulness. *Read*, 970 F.2d at 831. As pointed out above, CFM's litigation strategy and conduct was exemplary during the trial. Accordingly, this is not an exceptional case. The request for attorney's fees is denied.

### III. CONCLUSION

For the reasons stated herein, the Court:

1. Denies CFM's Motion for Judgment as a Matter of Law on the Issue of Willful Infringement;

2. Grants Dimplex's Motion for Enhanced Damages and finds that an enhancement of damages of .5 or $4,139,977.00 is appropriate; and

3. Denies Dimplex's Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: May 11, 2005